UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


WILLIAM CRACE                                    CIVIL ACTION


VERSUS                                           NO: 12-1986


NORTHROP GRUMAN                                  SECTION: "H"(3)
SHIP SYSTEMS, INC. ET AL

ORDER AND REASONS

Before the Court is Defendant Huntington Ingalls's Motion for Summary Judgment (Doc. 104).  For the following reasons, the Motion is **GRANTED**. Accordingly, the case is **DISMISSED WITH PREJUDICE.**


BACKGROUND

Plaintiff brought this action as a result of injuries he sustained while working as a marine engineer aboard a ship that Defendant Huntington Ingalls was building for the United States Navy.  Plaintiff was injured when he was on his way to the HVAC room and he fell from an allegedly defective, recessed ladder.  Plaintiff originally brought claims pursuant to maritime law. His Complaint was later amended to assert claims under Louisiana negligence

1

law based on both the defective design of the ladder and the presence of a locked safety chain across the hatch. The Court dismissed the maritime claims for want of maritime jurisdiction. The Court also dismissed the claims of defectiveness of the ladder based on the doctrine of government contractor immunity. Therefore, the sole remaining claim is a state law negligence claim based on the presence of the locked safety chain. Plaintiff asserts that his injury was caused in part because he was "forced" to duck under the chain at an awkward angle, causing him to fall to the deck below. Defendant filed the instant Motion for Summary Judgment on this claim, arguing that the locked safety chain is an open and obvious condition. Plaintiff opposes this Motion.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3] "If the moving party meets the initial

---

[1] Fed. R. Civ. P. 56(c) (2012).
[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[3] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997).

burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4]   Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5]  "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6]  "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7]   Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

## LAW AND ANALYSIS

Plaintiff's sole remaining claim is a state law negligence claim based on the presence of a locked safety chain across the hatch at the top of the ladder from which he fell.  Plaintiff alleges that this chain presented an unreasonable

---

[4] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).

[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[6] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

[7] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

[8] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

risk because he was forced to climb over it to access the hatch, contributing to his fall.  Defendant argues in its Motion, however, that the locked safety chain[9] constituted an open and obvious condition, thereby eliminating any duty it had to protect Plaintiff from the condition.  Plaintiff responds, arguing that the open and obvious defense does not apply in this case.

Under Louisiana law, liability predicated on negligence is governed by the duty-risk analysis articulated by the Louisiana Supreme Court.  There are five basic elements of this analysis—duty, breach, cause in fact, legal cause, and actual damages.[10]  Defendant's Motion essentially argues it had no duty to protect Plaintiff from the hazards purportedly posed by the safety chain.

The owner or custodian of a thing is obligated to maintain the thing in a reasonably safe condition.[11]  In determining whether a condition poses an unreasonable risk of harm, thereby imposing a duty on the Defendant-custodian, Louisiana courts apply a risk-utility analysis.  Four factors are pertinent to this analysis: "(1) the utility of the complained-of condition; (2) the likelihood and magnitude of the harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of social utility or whether the activities were dangerous by nature."[12]  With regard to the second element, "a

---

[9] Though Defendant contends that the safety chain was not locked, they assume that it was locked for the purposes of this Motion.

[10] *Pitre v. Louisiana Tech University*, 673 So.2d 585, 589–90 (La. 1996).

[11] La. Civ. Code art. 2317.1.

[12] *Bufkin v. Felipe's Louisiana, LLC,* 171 So.3d 853, 856 (La. 2014).

defendant generally does not have a duty to protect against that which is obvious and apparent.  In order for an alleged hazard to be considered obvious and apparent [the Louisiana Supreme Court] has consistently stated the hazard should be one that is open and obvious to everyone who may potentially encounter it."[13]  Summary judgment is appropriate where the complained-of condition or thing is not unreasonably dangerous.[14]

Here, the open and obvious nature of the safety chain precludes the imposition of a duty to either remedy the condition or warn against its existence.  The obstacle posed by this safety chain to an individual attempting to access the hatch is readily apparent.  Aware of the risk, Plaintiff consciously decided to climb under the safety chain to access the hatch in lieu of requesting a key.  Moreover, the safety chain's degree of social utility is high, as it prevents individuals from falling down an open hatch. As a result, Plaintiff's state law negligence claims must fail due to the open and obvious nature of the complained-of condition.

Plaintiff argues that the open and obvious exception is not meant to shield defendants that create the hazard themselves.  This argument, however, presupposes that the safety chain presents a hazardous condition.  As previously noted, the chain was placed as a safety device to protect against the dangers of an open hatch.  This condition only became a safety hazard when ignored by the Plaintiff.  Even assuming arguendo that the presence of the

---

[13] *Id.*

[14] *Allen v. Lockwood*, 156 So. 3d 605 (La. 2015).

5

safety chain creates a hazard, Plaintiff's argument still fails.  The fact that Defendant actually placed the safety chain across the hatch does not per se preclude the applicability of the open and obvious defense.[15]

Finally, Plaintiff argues that this court should apply the LHWCA defense to the open and obvious exception.  In cases proceeding under the LHWCA, a vessel owner may be held liable if "a longshoreman's only alternatives when facing an open and obvious hazard are unduly impracticable or time consuming."[16]  Plaintiff argues that the safety chain created an unreasonable delay from his duties.  However, Plaintiff has cited no authority for the proposition that this defense should extend to cases proceeding under Louisiana tort law.  The Court therefore declines to apply it in this case.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is **GRANTED**.  Plaintiff's case is **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana this 17th day of February, 2016.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[15] *See Bufkin,* 171 So.3d at 856 (exonerating a defendant-contractor who placed a dumpster in such a way to obscure the view of a pedestrian trying to cross the street).

[16] *Pinmental v. LTD Canadian Pacific Bul*, 965 F.2d 13, 16 (5th Cir. 1992).